UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQP DEVELOPMENT, LLC,<br><br>    *Plaintiff*,<br><br>           v.<br><br>WELLPOINT, INC. AND AMERIGROUP CORP.<br>    *Defendants*, | Civil Action No. 2:13-cv-000436<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which TQP Development, LLC ("TQP") makes the following allegations against WellPoint, Inc. and AmeriGroup Corp. (collectively "Defendants").

## PARTIES

1. Plaintiff TQP Development, LLC is a Texas limited liability company having a principal place of business of 719 W. Front Street, Suite 244, Tyler, Texas 75702.

2. On information and belief, Defendant WellPoint, Inc. ("WellPoint, Inc.") is an Indiana Corporation with its principal place of business at 120 Monument Circle, Indianapolis, IN 46204. WellPoint may be served through its agent for service of process The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.

3. On information and belief, Defendant AmeriGroup Corp. ("AmeriGroup") is an Indiana Corporation with its principal place of business at 4425 Corporation Lane, Virginia Beach, VA, 23462. AmeriGroup may be served through its agent for service of process CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201-4234. On further information and belief, AmeriGroup is a subsidiary of WellPoint.

## JURISDICATION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and have committed acts of patent infringement in this district.

6. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,412,730

7. Plaintiff is the owner by assignment of United States Patent No. 5,412,730 ("the '730 Patent") entitled "Encrypted Data Transmission System Employing Means for

Randomly Altering the Encryption Keys." The '730 Patent issued on May 2, 1995. A true and correct copy of the '730 Patent is attached as Exhibit A.

8. Upon information and belief, Defendants have been infringing the '730 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on Defendants' various websites (including, without limitation related internal systems supporting the operation of said websites) for transmitting data comprising a sequence of blocks in encrypted form over a communication link covered by one or more claims of the '730 Patent to the injury of TQP, such as using the RC4 encryption algorithm in combination with either the Secure Sockets Layer or Transport Layer Security encryption protocol. Defendants' infringement includes all websites and internal systems operated by or for Defendants that transmitted data comprising a sequence of blocks in encrypted form as described by one or more claims of the '730 Patent, including, but not limited to, the following:

www.amerigroup.com

For example, when Defendants and/or Defendants' customers connected to a Defendant website, a communication link was established between host servers and the client computer. Data transmitted over this communication link comprised a sequence of blocks, and was transmitted as packets in a sequence over the communication link. Certain data transmissions (both from the client computer to the host server, and from the host server to the client computer) were encrypted according to the claimed method. In order to communicate with encrypted portions of Defendants' websites, client computers were required to agree to an encryption algorithm or protocol. Once that protocol was established by the host server, the client computer automatically implemented the

encryption algorithm under the direction of the host server. Defendants provided, or directed the client computer to provide, a seed value for both the transmitter and receiver in a symmetric encryption algorithm, and used the same key to encrypt and decrypt data. Defendants generated, or directed the client computer to generate, a first sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at the transmitter (whichever of the host server or client computer is sending the encrypted information), each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link. Defendants encrypted data for transmission from the host server to the client. In addition, Defendants directed the client computer to encrypt data comprising information sent from the client to the host server before it was transmitted over the link. Defendants generated, or directed the client computer to generate, a second sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at said transmitter, each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link such that said first and second sequences were identical to one another, as is used in a symmetric algorithm, a new one of said key values in said first and second sequences being produced each time a predetermined number of said blocks were transmitted over said link. Defendants decrypted data sent from the client in order to use the data, and directed the client computer to decrypt data transmitted from the host server in order to provide a useable display to, for example, a user of the client computer. By virtue of performing each step of the claimed method, Defendants were directly infringing the '730 Patent. In addition, by virtue of performing

some steps and directing and/or controlling others to perform the remaining steps, Defendants were directly infringing, literally infringing, and/or infringing the '730 Patent under the doctrine of equivalents. Defendants are thus liable for infringement of the '730 Patent pursuant to 35 U.S.C. § 271.

9.     On information and belief, to the extent any marking was required by 35 U.S.C. §287, all predecessors in interest to the '730 Patent complied with any such requirements.

10.    To the extent that facts learned in discovery show that Defendants' infringement of the '730 Patent was willful, Plaintiff reserves the right to request such a finding at the time of trial.

11.    As a result of these Defendants' infringement of the '730 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff that Defendants have directly and/or jointly infringed the '730 Patent;

2.     A judgment and order requiring Defendant pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '730 Patent as provided under 35 U.S.C. § 284;

3. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

TQP, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: May 29, 2013

Respectfully submitted,

By: \s\ *Marc A. Fenster*
Marc A. Fenster

Andrew W. Spangler
State Bar No. 24041960
**Spangler & Fussell P.C.**
208 N. Green St., Suite 300
Longview, TX 75601
Telephone:  (903) 753-9300
Facsimile:  (903) 553-0403
Email: spangler@sfipfirm.com

James A. Fussell, III
AR State Bar No. 2003193
**Spangler & Fussell P.C.**
211 N. Union Street, Suite 100
Alexandria, VA 22314
Telephone:  (903) 753-9300
Facsimile:  (903) 553-0403
Email: fussell@sfipfirm.com

Marc A. Fenster, CA SB No. 181067
Email: mfenster@raklaw.com
Kevin P. Burke, CA SB No. 241972
Email: kburke@raklaw.com
Adam S. Hoffman, CA SB No. 218740
Email: ahoffman@raklaw.com
Alexander C.D. Giza, CA SB No. 212327
Email: agiza@raklaw.com

Paul A. Kroeger, CA SB No. 229074
Email: pkroeger@raklaw.com
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Tel: (310) 826-7474
Fax: (310) 826-6991

**Attorneys for Plaintiff**
**TQP Development, LLC**